
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA         :

      - v. -                         :     11 Cr. 194 (RMB)

YI-MIN JIANG,                    :

             Defendant.        :

------------------------------------x

## SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA

PREET BHARARA
United States Attorney
Southern District of New York

By:   Christopher D. Frey
        Assistant United States Attorney
        United States Attorney's Office
        One St. Andrew's Plaza
        New York, NY 10007
        Tel.: (212) 637-2270
        Fax: (212) 637-2620



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2012

**BY HAND**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

    Re:    **United States v. Yi-Min Jiang,**
            **11 Cr. 194 (RMB)**

Dear Judge Berman:

      The Government respectfully submits this letter in connection with the sentencing of Yi-Min Jiang ("the defendant") in the above-captioned matter, which is scheduled for September 25, 2012 at 10:00 a.m. Consistent with the United States Probation Office's recommendation, the Government contends that a sentence within the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 0 to 6 months' imprisonment would be sufficient but not greater than necessary to achieve the sentencing objectives enumerated in Title 18, United States Code, Section 3553(a). Specifically, the Government respectfully submits that such a sentence is appropriate given (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (B) to afford adequate deterrence to criminal conduct. See 18 U.S.C. § 3553(a)(1), (2)(A)-(B).

      The defendant stands before the Court following his plea of guilty to one count of trafficking in counterfeit goods. Intellectual property is critical to the vitality of the American economy, accounting for an increasing share of jobs and trade in this country. Intellectual property rights create incentives for entrepreneurs, artists, firms and investors to commit the necessary resources to research, develop and market new technology and creative works. As one court has observed, "[t]he future of the nation depends in no small part on the efficiency of industry, and the efficiency of industry depends in no small part on the protection of intellectual property." Rockwell Graphic Sys., Inc. v. DEV Indus., Inc., 925 F.2d 174, 180 (7th Cir. 1991).

The Honorable Richard M. Berman
September 17, 2012
Page 2

    In today's global economy, market and technological developments have converged to create an environment in which the distribution of legitimate and illegitimate goods flourishes as never before. The counterfeit industry undermines the legitimate work of intellectual property right holders, as such activity trades on the reputation built by others. In fact, a rampant counterfeit trade undermines respect for the law, exposes trademark owners to tremendous losses that are both monetizeable and also largely intangible (e.g., loss of customer goodwill, dilution of brands, etc.), and has the potential to place consumers at risk.

    Moreover, the International AntiCounterfeiting Coalition ("IACC") estimates that counterfeiting costs U.S. businesses between $200 billion and $250 billion annually. In addition, counterfeit merchandise is directly responsible for the loss of more than 750,000 American jobs. See http://www.iacc.org/about-counterfeiting/the-truth-about-counterfeiting.php. Alarmingly, the traditionally low risk of prosecution and enormous profit potential have made criminal counterfeiting an attractive enterprise, and such activity is increasingly related to other criminal activities.

    In light of the serious nature of the instant offense, and the need to deter others from engaging in such activity, the Government respectfully submits that the Court should impose a sentence within the advisory Guidelines range, as such a sentence would be wholly appropriate here. Finally, the Government respectfully encloses a proposed order of forfeiture for the Court's consideration.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney
    Southern District of New York

By: *Christopher D. Frey* (signature)
    Christopher D. Frey
    Assistant United States Attorney
    (212) 637-2270

Enclosure

cc:    Todd Greenberg, Esq. (By ECF and Facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                          :

UNITED STATES OF AMERICA
                                          :

       -v.-                                 ORDER OF FORFEITURE
                                          :

YI-MIN JIANG,                       11 Cr. 194 (RMB)
                                          :

             Defendant.
                                          :
- - - - - - - - - - - - - - - - - - -x

       WHEREAS, on March 3, 2011, YI-MIN JIANG (the "defendant") was charged in a one-count Information, 11 Cr. 194 (RMB) (the "Information"), with trafficking in counterfeit goods, in violation of Title 18, United States Code, Sections 2320(a)(1) and 2 (Count One);

       WHEREAS, the Information included a forfeiture allegation providing notice that, as a result of the offense alleged in Count One of the Information, the defendant shall forfeit, pursuant to Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Information;

WHEREAS, on May 11, 2012, the defendant pled guilty to Count One of the Information before a United States Magistrate Judge;

WHEREAS, on June 4, 2012, this Court accepted the defendant's guilty plea to Count One of the Information;

WHEREAS, on September 25, 2012, the defendant was sentenced and ordered to forfeit all proceeds and property obtained as a result of the offense charged in Count One of the Information, as well as any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Information;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, the defendant shall forfeit to the United States the items seized from the defendant by the U.S. Department of Homeland Security, Immigration and Customs Enforcement, on September 29, 2010, which items include six thousand (6,000) trademark infringing designer labels and tags and eight thousand eight hundred (8,800) generic handbags, all of which constitute property used or intended to be used to commit and to facilitate the commission of the offense charged in Count One of the Information.

2.  Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final as to the defendant and is deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

4.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

5.  The Clerk of the Court shall forward two certified copies of this Order to Assistant United States Attorney Christopher D. Frey, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       September _____, 2012

                                    SO ORDERED:

                                    _____
                                    HONORABLE RICHARD M. BERMAN
                                    UNITED STATES DISTRICT JUDGE

3