# ADDABBO · GREENBERG
## LAW

TODD D. GREENBERG
DOMINIC L. ADDABBO*

GREGORY A. RING

COUNSEL TO THE FIRM:
HYMAN J. GREENBERG
JOSEPH P. ADDABBO, JR.
JILL C. STONE
HELEN P. EICHLER
ALAN T. ROTHBARD

*NY & FLA. BAR

September 28, 2012

Honorable Richard M. Berman
Southern District of New York
US Courthouse
500 Pearl Street
New York, NY 10007-1312

     RE: US –v- Yi-Ming Jiang
        11cr00194 (RMB)
        Sentencing Submission

Honorable Sir:

  Please be advised that this office represents Defendant Yi-Ming Jiang.

  Kindly accept this letter and attachments as Defendant's Pre Sentence Memorandum.

  Mr. Jiang pled guilty to Trafficking in Counterfeit Goods, which involved selling designer tags and labels to be attached to generic (non-counterfeit) handbags.

## STATEMENTS WITH RESPECT TO SENTENCING FACTORS

  Pursuant Kimbrough v. United States, 128 S. Ct. 558 (2007) and Gall v. United States, 128 S. Ct. 586 (2007), the Guidelines are merely a starting point.

  While Federal sentencing judges must properly calculate the applicable Guideline Offense level and give it "respectful consideration," they have discretion to determine that "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." Kimbrough, 128 S. Ct. at 564, 570. Indeed, a

sentencing court is required to balance not only the Guidelines but all the factors set forth in 18 U.S.C. § 3553(a), and its overall obligation is to craft a sentence that is "sufficient but not greater than necessary" to accomplish these objectives. See 18 U.S.C. § 3553(a) (emphasis added); see also Gall, 128 S.Ct. at 596 n.6 (characterizing Section 3553(a)'s parsimony clause as a "general directive"); United States v. Sanchez, 517 F.3d 651, 660-61 (2d Cir. 2008).

### A. 18 U.S.C. § 3553(a)(1) - Nature of Offense and Characteristics of the Defendant.

The first Section 3553(a) factor directs this Honorable Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

In the case at bar, the applicable guideline range is 0 to 6 months. It is respectfully submitted that a sentence of probation would sufficiently take into consideration all of the factors found in 18 U.S.C. § 3553(a)(b)(1). In view of the history of this defendant, such a sentence would fulfill the objectives of punishment, incapacitation and general and specific deterrence.

Yi-Min Jiang stands before this Honorable Court as a non-violent first offender who, with the exception of his involvement in this instant case, has obeyed this country's laws.

As the attached character letters attest, the Defendant is a very decent, respectful, religious and hard-working young man whose conduct herein is clearly aberrant in nature.

During my representation of Mr. Jiang I learned that he opened his store in January of 2010, selling pocketbook, and began selling the counterfeit labels in about June, 2010. Further, although the Defendant fully acknowledges and accepts responsibility for his criminal conduct, he explained that he began selling the pocketbooks and the counterfeit labels in June 2010 because his customers requested same and would go elsewhere if he didn't supply the labels. He was selling the labels for approximately three months with his pocketbooks when he was arrested.

With regard to the personal characteristics of the Defendant, paragraphs 32 thru 37 accurately reflect his history. It should be noted that the Defendant suffered a serious illness when he was diagnosed with acute myelogenous leukemia in March of 2006 and had to undergo five cycles of aggressive chemotherapy. One of his siblings passed away from the decease at the age of 30 years old.

I am bringing this to this Honorable Court's attention because the disease has taken its toll on Mr. Jiang who tires very easily. He is not working and is primarily

responsible for his children, ages 7 and 12: he takes both children to school, picks up the younger child at school, he prepares dinner for his children and spouse and helps them with their homework. A sentence of incarceration would be extremely harsh based upon his family responsibility.

## **SENTENCING PURPOSES**

Section 3553 requires the District Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of set forth therein as follows:

>....(2) the need for the sentence imposed---
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant ;
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## **SERIOUSNESS OF THE OFFENSE, RESPECT FOR LAW, JUST PUNISHMENT**

Without diminishing the seriousness of the actions of the Defendant, it is respectfully submitted that the Defendant is a first offender who has not been convicted of a crime of violence. Section 28 U.S.C. § 994(j) sets forth that:

> .....the Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury.

## ADDABBO • GREENBERG

In that regard, it is respectfully requested this Honorable Court consider that the Defendant's conduct was limited in time to a few months and his motivation was not to commit a criminal act but to survive in his competitive environment.

### DETERRENCE TO CRIMINAL CONDUCT

Section 3553(a)(2)(B) requires a judge to consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."

It is respectfully submitted that although many believe that the higher the sentence, the greater the effect in deterring others, empirical research shows no relationship between sentence length and deterrence.

> ....The general research finding is that "deterrence works," in the sense that there is less crime with a criminal justice system than there would be without one. But the question for the judge is "marginal deterrence," *i.e.*, whether any particular quantum of punishment results in increased deterrence and thus decreased crime. Here the findings are uniformly negative: there is no evidence that increases in sentence length reduce crime through deterrence. "Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006).[1]

### PROTECTION OF THE PUBLIC
### FROM FURTHER CRIMES OF THE DEFENDANT

It is respectfully submitted that the Defendant is extremely remorseful for his conduct and understands fully the nature and wrongfulness of his actions. It is respectfully submitted based on the collateral effects of his actions and the punishment that he is going to receive, the Defendant's risk of recidivism and the danger posed by the Defendant is non-existent. As mentioned, he has no prior record and has not shown repeated violations of the law.

---

[1] This quote was taken from presentation of Amy Barron-Evans and written material prepared by NY State Association of Criminal Defense Lawyers

# ADDABBO • GREENBERG

## REHABILTITATION

This Defendant is an example of a young man who can benefit from a non-incarceratory probationary sentence.

There is substantial evidence that prison, by disrupting employment, reducing prospects of future employment, weakening family ties, and exposing less serious offenders to more serious offenders, leads to increased recidivism. (*See* Lynne M. Vieraitis, Tomaslav V. Kovandzic, Thomas B. Marvel, *The Criminogenic Effects of Imprisonment: Evidence from State Panel Data 1974-2002*, 6 Criminology & Public Policy 589 (2007)).

It is respectfully submitted that the Defendant, even while deportation proceedings may be progressing, will benefit from community treatment programs or other programs that allow him to remain outside of the prison setting.

## CONCLUSION

It is respectfully submitted that Yi-Min Jiang is a very decent family man who made a wrong choice regarding his involvement in the instant offense. He expresses extreme remorse for his actions, for violating the laws of the United States, and the effect of his actions on his family. A balancing of the character and history of Mr. Jiang indicates that the purposes of sentencing can be met with a sentence that does not involve incarceration.

It is therefore respectfully requested that this Honorable Court consider a sentence of one year probation. Based on Mr. Jiang's character, this whole experience has been a deterrence to any future criminal conduct.

Thank you for your attention and consideration.

Very truly yours,

ADDABBO & GREENBERG

Todd D. Greenberg, Esq.

TDG/id
Enclosures

cc: Christopher.frey@usdoj.gov